Case 1:11-cv-03286-DLC   Document 36   Filed 01/21/16   Page 1 of 2

## COVINGTON

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

**Mark Gimbel**

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1161
mgimbel@cov.com

January 21, 2016

*By ECF*

Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007-1312

      Re:  *Calderon-Cardona et al v. J.P. Morgan Chase Bank, N.A.*, No. 11 CV 3283 (DLC) and related judgment enforcement actions filed under Docket Nos. 11 CV 3288, 3284, 3285, 3286, 3289, 3290, 3291 and 3292

Dear Judge Cote:

    We represent Deutsche Bank Trust Company Americas ("DBTCA"), one of the respondent garnishee banks in the judgment enforcement proceedings listed above, and write on behalf of DBTCA and Respondents Citibank, N.A., UBS AG, Bank of China, New York Branch, HSBC Bank USA, N.A., Standard Chartered Bank, JPMorgan Chase Bank, N.A., and The Bank of New York Mellon (collectively, the "Respondent Banks") to provide an update on the status of these related matters.

    By order dated April 9, 2015 (ECF Doc. No. 33), the Court granted the parties' joint application to stay these proceedings pending the Supreme Court's resolution of petitions for certiorari seeking review of the Second Circuit's decisions in this case and in the *Hausler* action. On January 19, 2016, one business day following the submission of the parties' last joint status report, the Supreme Court denied the petitions for certiorari in each case. *See Calderon-Cardona v. Bank of New York Mellon*, 770 F. 3d 993 (2d Cir. 2014) *cert. denied*,__ S.Ct. __, 2016 WL 207446 (Mem), 84 USLW 306 (2016); *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014), *cert. denied*, __ S.Ct. __, 2016 WL 207447 (Mem), 84 USLW 3077 (2016).

    As a result of the Supreme Court's decision to deny review, there is no longer any question as to the standard that applies in determining whether a blocked electronic funds transfer ("EFT") is subject to attachment as property of a foreign state judgment debtor. As the Second Circuit ruled in affirming this Court's decision in relevant part,

COVINGTON

Honorable Denise Cote
January 21, 2016
Page 2

an EFT blocked midstream is "property of a foreign state" or "the property of an agency or instrumentality of such a state," subject to attachment under 28 U.S.C. § 1610(g), only where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT directly to the bank where the EFT is held pursuant to the block.

*Calderon-Cardona v. Bank of New York Mellon*, 770 F. 3d 993, 1002 (2d Cir. 2014); *see also Hausler v. JP Morgan Chase Bank, N.A.*, 773 F.3d 207 (2d Cir. 2014).

The Second Circuit also concluded that remand was necessary in order "for the parties to conduct discovery aimed at resolving the factual issues surrounding whether the entities that transmitted the EFTs to the respondent banks were agencies or instrumentalities of North Korea." *Id.* The Respondent Banks respectfully request that the Court schedule a conference to address what, if any, discovery is necessary to resolve this narrow factual question that is dispositive of Petitioners' claims.[1]

Respectfully,

Mark P. Gimbel

cc: all counsel of record (by ECF)

---

[1] By way of reminder, shortly before entering the stay, the Court had scheduled such a conference and directed the parties to submit letters, three days in advance of the conference, providing a proposed schedule for further proceedings. *See* ECF Doc. No. 43. The conference was adjourned *sine die* as a result of the stay. *See* ECF Doc. No. 46.